# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| SHIRLEY HOMLER, | )<br>) |
| Plaintiff, | )<br>) |
| | ) CASE NO. 3:10-CV-01154 |
| v. | )<br>) JURY DEMAND |
| MERCK SHARP & DOHME CORP., | )<br>) |
| | ) District Judge John T Nixon |
| Defendant. | ) Magistrate Judge Juliet Griffin |

## INITIAL CASE MANAGEMENT ORDER

Pursuant Local Rule 16.01 and Rule 16 of the Federal Rules of Civil Procedure, the following order is entered.

1. **Status of service of process.**

The Defendant has been served.

2. **Status of responsive pleadings to the Complaint.**

The Defendant has filed an Answer to the Complaint.

3. **Plaintiff's theory.**

The Plaintiff took Fosamax – a drug designed, tested, manufactured, marketed, and distributed by the Defendant – continuously from 1998-2010. By or before 2007, the Defendant knew or should have known that a causal relationship existed between the use of Fosamax and weakening of the bones.

4087073.1

The Plaintiff had surgery to repair a fracture of the right femur in July 2010. The Plaintiff had surgery to repair a fracture of her left femur in October 2010. Colin Looney, MD, of Vanderbilt Bone and Joint Clinic performed both procedures at Williamson County Medical Center. Dr. Looney has already opined that the cause of the fractures was use of Fosamax.

As a result of taking the Defendant's drug, the Plaintiff suffered the broken femurs, both of which required surgery, and other associated damages. The Defendant is legally responsible for the Plaintiff's injuries under the specific legal theories included in the Complaint – strict product liability, negligence, and breach of warranty.

4. **Defendants' theory.**

In its answer and affirmative defenses, Merck denies that the Fosamax® Plaintiff allegedly took was defectively designed, manufactured, distributed, or marketed, and denies that it was negligent with respect to the product at issue or is strictly liable for Plaintiff's alleged injuries and damages. Merck further denies that it breached any express or implied warranty to Plaintiff, or concealed or misrepresented any material facts regarding the product at issue. Merck further denies that Fosamax caused or substantially contributed to the injuries alleged by the plaintiff.

5. **Issues resolved and/or disputed.**

At this point, it appears all or most of the factual and legal issues in the case will be disputed.

6. **Discovery deadlines.**

**The parties have consulted, but cannot agree upon the time required to prepare this case for trial.**

However, after discussion at the initial case management conference, deadlines are established as provided herein and as provided in the the contemporaneously entered order.

a. **Mandatory disclosures.**

   The parties will serve mandatory initial disclosures under Federal Rule of Civil Procedure 26 by February 18, 2011.

b. **Written discovery.**

   The parties will send any written discovery so that responses shall be in hand no later than October 31, 2011.

c. **Fact witness depositions.**

   The parties will complete fact witness depositions, including parties, by October 31, 2011.

d. **Dispositive and *Daubert* motions.**

   The parties will file any dispositive motions and/or *Daubert* motions by May 30, 2012.

e. **Expert disclosures.**

   The Plaintiff will disclose Rule 26(a)(2) witnesses and information by January 9, 2012.

   The Defendant will disclose Rule 26(a)(2) witnesses and information by February 23, 2012.

f. **Expert depositions.**

The parties will complete any depositions of Rule 26(a)(2) witnesses by April 30, 3012.

g. **Discovery cutoff.**

All expert discovery will be completed by April 30, 2012.

h. **Motions in Limine**

Motions in Limine shall be filed in accord with the deadlines provided in the contemporaneously entered order.

i. **Deposition Designations**

The parties deposition designations shall be made in accord with the deadlines provided in the contemporaneously entered order.

j. **Joint Pretrial Order and Pretrial Memorandum**

These are due to the Court one week in advance of the pretrial conference.

k. **Exhibit Lists**

The parties shall exchange exhibit lists as provided in the contemporaneously. entered order. Pre-marked exhibits shall be provided to the Court on the first trial day

7. **Target trial date and projected length of trial.**

The trial is scheduled on October 16, 2012. The parties expect the trial to last 13-20 days.

8. **Need for and timing of alternative dispute resolution.**

The parties shall file a joint mediation report by May 14, 2012.

9. **Electronic Discovery**

The parties expect to reach an agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 173 need not apply to this case.

Juliet Griffin, US Magistrate Judge

Submitted for entry,

**GIDEON, COOPER & ESSARY PLC**

s/Brian Cummings
**Brian Cummings, #19354**
1100 Noel Place
200 Fourth Avenue North
Nashville, Tennessee 37219-2144
(615) 254-0400

*Attorney for Plaintiff*

s/James M. Doran, Jr.
**James M. Doran, Jr., #2638**
Waller Lansden Dortch & Davis, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on January 14, 2011. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent to the following parties as indicated below:

**Via the Court's Electronic Filing System**

**James M. Doran, Jr.**
Waller Lansden Dortch & Davis, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380

*Attorney for Defendant*

**s/James M. Doran, Jr.**